CR 25-272 JRT/DJF

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VANCE LUTHER BOELTER,<br><br>Defendant. | **INDICTMENT**<br><br>18 U.S.C. § 924(c)(1)(A)(i)–(iii)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 2261(b)(1)<br>18 U.S.C. § 2261(b)(2)<br>18 U.S.C. § 2261A(2)(A) |

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE
(Stalking of Melissa Hortman – Use of Interstate Facilities)

1. On or about March 2025 up to and including on or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, with the intent to kill and injure another person, used the mail, an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce, to engage in a course of conduct that placed that person in a reasonable fear of the death of and serious bodily injury to that person, that person's spouse, and that person's pet, and in the course of engaging in such conduct caused the death of that person, to wit, BOELTER used the mail, a GPS navigation system, interstate wires, and the Internet to plan and carry out the stalking, shooting, and murdering Melissa Hortman and Mark Hortman in Brooklyn Park, Minnesota, all in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(1).



*United States v. Vance Boelter*

## COUNT TWO
(Stalking of John Hoffman – Use of Interstate Facilities)

2. On or about March 2025 up to and including on or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, with the intent to kill and injure another person, used the mail, an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce, to engage in a course of conduct that placed that person in a reasonable fear of the death of and serious bodily injury to that person, that person's spouse, and that person's immediate family member, and in the course of engaging in such conduct caused permanent disfigurement and life threatening bodily injury to that person, to wit, BOELTER used the mail, a GPS navigation system, interstate wires, and the Internet to plan and carry out the stalking, shooting, attempted killing, and permanent disfigurement and life-threatening bodily injury of John Hoffman and Yvette Hoffman, and the shooting of a firearm at Hope Hoffman, in Champlin, Minnesota, all in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(2).

## COUNT THREE
(Murder of Melissa Hortman Through Use of a Firearm)

3. On or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the stalking offense charged in Count One, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, and in the course of

*United States v. Vance Boelter*

that crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, BOELTER shot, killed, and murdered Melissa Hortman in Brooklyn Park, Minnesota, all in violation of Title 18, United States Code, Section 924(j).

## COUNT FOUR
(Murder of Mark Hortman Through Use of a Firearm)

4. On or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the stalking offense charged in Count One, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, and in the course of that crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, BOELTER shot, killed, and murdered Mark Hortman in Brooklyn Park, Minnesota, all in violation of Title 18, United States Code, Section 924(j).

*United States v. Vance Boelter*

## COUNT FIVE
(Shooting of Melissa and Mark Hortman – Firearms Offense)

5.      On or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the stalking offense charged in Court One, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, which was brandished and discharged, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), (iii).

## COUNT SIX
(Shooting of John and Yvette Hoffman and
Attempted Shooting of Hope Hoffman – Firearms Offense)

6.      On or about June 14, 2025, in the State and District of Minnesota and elsewhere, VANCE LUTHER BOELTER, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the stalking offense charged in Count Two, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, which was brandished and discharged, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), (iii).

*United States v. Vance Boelter*

## NOTICE OF SPECIAL FINDINGS

7.  Counts Three and Four of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

8.  As to Count Three, alleging murder through the use of a firearm stemming from the June 14, 2025, murder of Melissa Hortman, VANCE LUTHER BOELTER, the defendant:

    a.  was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

    b.  intentionally killed Melissa Hortman (Title 18, United States Code, Section 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of Melissa Hortman (Title 18, United States Code, Section 3591(a)(2)(B));

    d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Melissa Hortman died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    e.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Melissa Hortman died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

*United States v. Vance Boelter*

  f. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

  g. intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

 9. As to Count Four, alleging murder through the use of a firearm stemming from the June 14, 2025, murder of Mark Hortman, VANCE LUTHER BOELTER, the defendant:

  a. was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

  b. intentionally killed Mark Hortman (Title 18, United States Code, Section 3591(a)(2)(A));

  c. intentionally inflicted serious bodily injury that resulted in the death of Mark Hortman (Title 18, United States Code, Section 3591(a)(2)(B));

  d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Mark Hortman died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

  e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Mark Hortman died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

6

*United States v. Vance Boelter*

  f. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

  g. intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

## FORFEITURE ALLEGATIONS

10. Paragraphs 1 through 9 are incorporated herein.

11. If convicted of any Count of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms, ammunition, and accessories involved in or used in the commission of any such violations, including, but not limited to the following firearms, and any ammunition or other accessories seized therewith:

  a. Arsenal SLR-95 7.62x39 rifle bearing serial number KP370582;

  b. Beretta 92A1 9mm pistol bearing serial number A254823Z;

  c. Beretta 92A1 9mm pistol bearing serial number A254828Z;

  d. Beretta 92A1 9mm pistol bearing serial number A254831Z;

  e. Beretta 92F 9mm pistol bearing serial number C99666Z;

  f. Beretta 92Fs 9mm pistol bearing serial number BER024167;

  g. Beretta 92FS 9mm pistol bearing serial number BER764800;

  h. FEG SA85M 7.62x39 rifle bearing serial number SM23753;

  i. Smith & Wesson 60 357 revolver bearing serial number CEA8593;

  j. Zastava PAP M92PV 7.62x39 pistol bearing serial number M92PV021324;

<u>United States v. Vance Boelter</u>

      k. Zastava PAP M92PV 7.62x39 pistol bearing serial number M92PV021601; and

      l. Any ammunition and accessories seized therewith.

## A TRUE BILL

_____    _____
ACTING UNITED STATES ATTORNEY    FOREPERSON