UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-272 (JRT/DJF)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VANCE LUTHER BOELTER,

      Defendants.

**GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Harry M. Jacobs, Bradley M. Endicott, Matthew D. Forbes, and Daniel W. Bobier, Assistant United States Attorneys, respectfully moves the Court for an order designating the above-captioned matter as a complex case for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (iv). The grounds for this motion are as follows:

1.    On July 15, 2025, a federal grand jury returned an indictment charging defendant Boelter with six counts, including stalking, in violation of 18 U.S.C. §§ 2261A(2)(A) and 2261(b)(1), and murder through the use of a firearm, in violation of 18 U.S.C. § 924(j).

2.    The indictment charges the defendant with stalking and shooting Senator John Hoffman and his wife Yvette Hoffman and the attempted shooting of their daughter Hope Hoffman, and the stalking and murder of Representative Melissa Hortman and her husband Mark Hortman.

3. Discovery in this case will be extensive. The investigation of this case arose out of the largest manhunt in the Minnesota's history. Accordingly, the discovery to be produced by the government will include a substantial amount of investigative material and reports from more than a dozen different law enforcement agencies at the federal, state, and local levels. That discovery will include likely hundreds or even thousands of hours of video footage, including body-worn camera and squad video from more than a dozen different law enforcement agencies. The discovery will also include responses to dozens of grand jury subpoenas consisting of tens of thousands of pages. And the discovery will include records from numerous electronic devices seized during the investigation pursuant to multiple search warrants, including computers, laptops, and cell phones.

4. In all, the government likely will produce hundreds of thousands of pages of discovery.

5. The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute. *See* 18 U.S.C. § 3161; *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007). Periods of delay caused by pretrial motions are excluded from the calculation of this 70-day timeframe, as are continuances granted by a court in order to best serve "the ends of justice." *United States v. Shepard*, 462 F.3d 847, 863 (8th Cir. 2006).

6. Under § 3161(h)(7)(B)(ii), the Court may continue proceedings beyond the time limits established by the Speedy Trial Act if the Court finds "the case is so unusual or so complex, due to the number of defendants, the nature of the

prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself." Even if a case is not so unusual or complex as to fall within clause (ii), § 3161(h)(7)(B)(iv) permits a continuance where the failure to do so "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

7. Local Rule 12.1 sets forth time periods for discovery disclosures, filing of pretrial motions, and motions hearings. Under the local rules, to the extent practicable, the government shall produce discovery within 7 days of arraignment, defendants shall produce reciprocal discovery within 14 days of arraignment, and the parties shall file pretrial motions within 21 days of arraignment. D. Minn. L.R. 12.1(a)-(c).

8. Given the nature of the prosecution and the volume of discovery the government will produce, an enlargement of these time periods serves the interests of the parties and the ends of justice. The government expects that it will produce discovery following the issuance of a protective order in this case, and after defense counsel has obtained and provided hard drives to the government. Even if the defense received the discovery within a week, it would be unreasonable to expect the defense to meaningfully review this voluminous discovery—and for the parties to fulfill their obligation to meet and confer prior to the filing of pretrial motions—within the time frames set out in the local rules.

9. This case is unusual given the nature of the underlying investigation, which arose during and from the largest manhunt in Minnesota history. As described above, that investigation resulted not only in materials and records that are extensive, but which were obtained by more than a dozen different law enforcement agencies at the federal, state, and local levels.

10. This matter will require extensive document and evidence review and preparation, such that it is unreasonable to expect adequate preparation under the standard scheduling order, and for the trial, within the time limits of the Speedy Trial Act or the time limits as typically set by this Court. Therefore, an exclusion of time under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv) is warranted.

11. At a later date, after meeting and conferring with defense counsel, the government intends to submit a proposed case management schedule for the completion of pretrial and trial proceedings.

WHEREFORE, the government respectfully requests that the Court designate this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), and exclude the time period from July 15, 2025 to January 15, 2026, from any computation of time under the Speedy Trial Act. The government further requests that, following the filing of a jointly proposed schedule, the Court issue a case management order setting out the dates for disclosure of Rule 16 materials, the filing of pretrial motions and responses, and a motions hearing date, enlarging the time periods typically contemplated in the local rules in this complex case.

5

Dated: July 22, 2025　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　JOSEPH H. THOMPSON
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　 */s/ Harry M. Jacobs*
　　　　　　　　　　　　　　　　　BY:    HARRY M. JACOBS
　　　　　　　　　　　　　　　　　　　　BRADLEY M .ENDICOTT
　　　　　　　　　　　　　　　　　　　　MATTHEW D. FORBES
　　　　　　　　　　　　　　　　　　　　DANIEL W. BOBIER
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys