UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-272 (JRT/DJF)

UNITED STATES OF AMERICA,

        Plaintiff,

v().

VANCE LUTHER BOELTER,

        Defendants.

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Harry M. Jacobs, Bradley M. Endicott, Matthew D. Forbes, and Daniel W. Bobier, Assistant United States Attorneys, hereby files the following motion for entry of a protective order governing discovery, and in support thereof states as follows:

1. As alleged in the Indictment, during the early morning hours of June 14, 2024, Vance Luther Boelter embarked on a planned campaign of stalking and violence, designed to inflict fear, injure, and kill members of the Minnesota state legislature and their families. After taking deliberate steps to research his victims and prepare for that campaign, Boelter traveled to the homes of at least four public officials during his violent spree. Disguised as a police officer, and heavily armed with firearms and body armor, Boelter approached those officials' homes under the guise of lawful authority. That morning, Boelter murdered two people and seriously injured two others.

2.     Boelter was charged by indictment on July 14, 2025 with two counts of Stalking – Use of Interstate Facilities, in violation of 18 U.S.C. § 2261A(2)(A), two counts of Murder Through Use of a Firearm, in violation of 18 U.S.C. § 924(j), and two counts of Shooting – Firearms Offense, in violation of 18 U.S.C. § 924(c).

3.     The defendant was arraigned on August 7, 2025. As detailed in the Amended Scheduling Order, the government will provide discovery pursuant to Rule 16(a) by October 6 2025.

4.     Because of the nature of the allegations in this case—specifically that the defendant stalked and shot two elected officials and their families, including murdering one of those elected officials and her husband—and due to the sensitive nature of much of the Ruel 16 Materials, the government has significant concerns about the public dissemination of Rule 16 discovery and other discovery. The release or dissemination of this material or its contents may result in unwanted contact with, harassment of, or harm to, witnesses and victims. The release of this material may also affect the privacy of victims or other third parties.

5.     Rule 16 of the Federal Rules of Criminal Procedure provides that "[a]t any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. Pro. 16(d)(1); *see United States v. Lee*, 374 F.3d 637, at 652 (8th Cir. 2004).

6.     Given the issues involved in the discovery material in this case, the government respectfully requests that the Court issue a protective order, as set forth below and in the provided Proposed Protective Order. Such an order will establish a

protocol that will efficiently facilitate discovery in this case and address the government's concerns with the sensitive and confidential nature of the discovery material.

7.      The redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

8.      Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of that class of information considered "Protected Material." Specifically, Protected Material includes all information produced by the government in this case, except matters of public record.

9.      It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by the defendant and defense counsel and may be used solely for purposes of this litigation; (b) that the Protected Material shall be retained by counsel and no copies may be left with the defendant; (c) that defense counsel and other members of the defense teams, including defense experts, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure; (e) that no party shall file Protected Material unless the docent or filing is placed under seal; (f) that any documents or

other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government following the conclusion of this litigation.

10. The parties have met and conferred regarding the Proposed Protective Order. The Proposed Protective Order attached to this motion highlights specific areas of disagreement between the parties.

WHEREFORE, the Government respectfully moves this Court to enter the proposed protective order.

Dated: August 13, 2025                                       Respectfully Submitted,

                                                            JOSEPH H. THOMPSON
                                                            Acting United States Attorney

                                                             /s/ *Harry M. Jacobs*
                                                    BY:    HARRY M. JACOBS
                                                            BRADLEY M. ENDICOTT
                                                            MATTHEW D. FORBES
                                                            DANIEL W. BOBIER
                                                            Assistant United States Attorneys