UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-272 (JRT/DJF)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VANCE LUTHER BOELTER,

      Defendant.

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), and for good cause shown, it is hereby ORDERED:

This Court has ordered the United States to make all disclosures required by Rule 16 of the Federal Rules of Criminal Procedure. In this case, those disclosures include highly confidential and sensitive information, including personal identifiable information of non-party witnesses and victims. The United States has shown good cause why the dissemination of the Protected Material should be limited.

THEREFORE, it is hereby ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that "Protected Material" as defined below shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose. The Court further ORDERS as follows:

1. "Protected Material" includes all information produced by the government in this case, except matters of public record.

2. The "Defense Team" includes Mr. Boelter, his attorneys of record (including any additional or new counsel that appear on behalf of Mr. Boelter after

this protective order is issued), experts retained by Mr. Boelter's attorneys of record, professionals retained by Mr. Boelter's attorneys, and agents, employees, staff members or consultants of Mr. Boelter's attorneys of record who are necessary to assist the attorneys of record in preparation for trial in this case.

    3.    Protected Material may be shared or discussed with any member of the Defense Team. Protected Material shall be held in strict confidentiality by the Defense Team and may be used solely for purposes of representing the defendant in this case and may not be used for any other purpose. Under no circumstances may the Protected Material be used for any purpose apart from that provided for by this Protective Order, absent an order from the Court.

    4.    **Government Proposed Version**: Protected Material shall be retained by counsel, and no copies may be left with the defendant unless the parties agree to specifically designate certain material as exempt. Such exempted material, which shall not contain personal identifiable information or other sensitive information, shall be placed on a thumb drive that will remain in the custody of the Sherburne County Jail. Except as provided in this Order, Protected Material shall not be disseminated or shared without further order of this court. The Defense Team shall not disclose the substance of any Protected Material to anyone without the express permission of the Court or as provided within this Order.

**Defense Proposed Version**: The parties shall work together as to what material can be left with Mr. Boelter at the Sherburne County Jail that he can review without his Defense Team. This may include material that does not include personal

identifiable information and or sensitive information. Such material shall be placed on a thumb drive that will remain in the custody of the of Sherburne County Jail.

5. Prior to receipt of any Protected Material, members of the Defense Team, apart from attorneys of record and their agents, employees, or staff members, who are to be provided copies of discovery materials must review this Protective Order, agree to abide by the limitations and restrictions on disseminating Protected Material imposed in this Protective Order, and sign a certification that they have read the Protective Order and agree to be bound by its restrictions. Defense counsel shall maintain a copy of the signed certifications along with a log of the specific items provided to each person receiving the Protected Materials.

6. Potential witnesses who are not members of the Defense Team, along with their counsel, may be shown copies of the Protected Material, but neither the witness nor their counsel may retain copies without an order of the Court.

7. No party shall file Protective Material with or submit Protective Material to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal. The Court, along with input from the parties, shall determine the procedures for use of Protected Material during any hearing or the trial of this matter, in advance of the hearing or trial. The parties will take reasonable measures to redact confidential documents to remove individual identifiers, submit such documents under seal, or substitute a numerical or other designation for a person's name or other identifying information. No party shall disclose Protected Material in open court without prior consideration by the Court.

8. The Clerk and the Court shall accept for filing under seal any documents or filings containing Protected Material so marked by the parties.

9. Within sixty (60) days of the entry of a final, non-appealable judgment, all Protected Material, including originals and any copies thereof, maintained by the defense or any party provided Protected Material during the course of the case, shall be destroyed or returned to the United States. Counsel for the defendant shall confirm in writing that all Protected Material has been returned or destroyed. If any Protected Material was used as defense exhibits, defense counsel may identify those documents, and the government will maintain them with the government exhibits so long as those are required to be maintained.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

11. This Protective Order does not constitute a ruling on the question of whether any particular Protected Material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Dated: August __, 2025            _____
　　　　　　　　　　　　　　　　　The Honorable Judge Dulce J. Foster
　　　　　　　　　　　　　　　　　United States Magistrate Judge